IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| COREY MINOR, #14282-078 | § | |
|---|---|---|
| | § | |
| VS. | § | CIVIL ACTION NO. 4:09cv317 |
| | § | CRIMINAL NO. 4:07cr48 |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Movant Corey Minor filed the above-styled and numbered motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The cause of action was referred for findings of fact, conclusions of law and recommendations for the disposition of the case.

Facts of the Case

On February 14, 2007, Movant pleaded guilty pursuant to a written plea agreement for mail fraud, in violation of 18 U.S.C. §1341. On October 4, 2007, he was sentenced to 240 months of imprisonment and ordered to pay $2,874,469.63 in restitution. He filed a direct appeal, which the Fifth Circuit Court of Appeals dismissed as frivolous on December 10, 2008. In his § 2255 motion, Movant argues in several issues that his trial counsel was ineffective and that his plea of guilty and waiver were entered involuntarily, unknowingly and unintelligently. After an initial Report and Recommendation was withdrawn in this case, the Government filed a Response to Movant's motion, asserting that Movant's plea was knowing and voluntary, and

1

that his remaining issues are barred by his waiver. Movant filed a Reply.

## Discussion and Analysis

As a preliminary matter, it should be noted that a § 2255 motion is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992). A movant in a § 2255 proceeding may not bring a broad-based attack challenging the legality of the conviction. The range of claims that may be raised in a § 2255 proceeding is narrow. A "distinction must be drawn between constitutional or jurisdictional errors on the one hand, and mere errors of law on the other." *United States v. Pierce*, 959 F.2d 1297, 1300-01 (5th Cir. 1992). A collateral attack is limited to alleging errors of "constitutional or jurisdictional magnitude." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991).

Movant signed a plea agreement containing the following waiver provision:

> Except as otherwise provided herein, Defendant expressly waives the right to appeal the conviction and sentence in this case on all grounds. Defendant further agrees not to contest his sentence in any post- conviction proceeding, including, but not limited to, a proceeding under 28 U.S.C. § 2255. Defendant, however, reserves the right to appeal the following: (a) any punishment imposed in excess of the statutory maximum (b) a claim of ineffective assistance of counsel that affects the validity of this waiver itself ( c) any upward departure from the U.S.S.G. by the Court in sentencing and (d) any mathematical errors by the Court in the calculation of the guideline level.

The Fifth Circuit has upheld the informed and voluntary waiver of post-conviction relief in *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). In *United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995), the Fifth Circuit held that a waiver may not be enforced against a § 2255 movant who claims that ineffective assistance of counsel rendered that waiver unknowing

or involuntary. In *United States v. White*, 307 F.3d 336 (5th Cir. 2002), the Fifth Circuit held that an ineffective assistance of counsel claim raised in a § 2255 proceeding survives a waiver only when the claimed assistance directly affected the validity of that waiver or the plea itself. More recently, the Fifth Circuit noted that it has upheld § 2255 waivers except for when there is an ineffective assistance of counsel claim that affects the validity of that waiver or the plea itself or when the sentence exceeds the statutory maximum. *United States v. Hollins*, 97 Fed. Appx. 477, 479 (5th Cir. 2004).

In the present case, Movant signed a plea agreement, which included a waiver of right to appeal or otherwise challenge sentence through the filing of a § 2255 motion. In this agreement, he stated, "This plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises other than those set forth in this plea agreement." Immediately above his signature on the agreement, he stated, "I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorneys. I fully understand it and voluntarily agree to it." He also stated that he understood the nature and elements of the crimes to which guilt is admitted and that the Factual Statement signed is true. Movant stated that he had "thoroughly reviewed al legal and factual aspects of this case with his/her lawyers and is fully satisfied with that lawyers' legal representation." Movant stated that he had received satisfactory explanations from his lawyer concerning each paragraph of the plea agreement, each of his rights affected thereby, and the alternatives to entering a guilty plea. He also stated that, after discussing it with his counsel, he "concedes guilt and has concluded that it is in [his] best interest to enter this agreement rather than proceeding to trial."

In Movant's Factual Statement, he admitted that he devised a scheme to defraud

3

customers of investments and to obtain their money by false and fraudulent pretenses and representations. Movant then outlined the specific manner in which he schemed and defrauded at least 64 customers.

Furthermore, a "Findings of Fact and Recommendation on Guilty Plea before the United States Magistrate Judge" was filed in this case. In it, the Court found that Movant "is fully competent and capable of entering an informed plea, that [Movant] is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense."

Movant appeared before the Court for administration of the guilty plea and allocution. The Court advised Movant of his rights to remain silent, to have legal counsel appointed, and to plead not guilty and have a jury by trial. Movant had retained legal counsel and indicated that he was satisfied with his legal representation. The Court outlined the elements of the offense of mail fraud and Movant stated that he understood them. The minimum and maximum penalties were then explained and Movant stated that he understood them. The Court then outlined the items that Movant was forfeiting, which Movant said he understood.

The sentencing guidelines were explained to Movant. The Court noted that the guidelines are merely discretionary and are not binding on the Court. After stating that he understood, Movant acknowledged that he understood that was giving up his right of appeal and right to file any post-conviction proceedings, except for those issues listed as reservations in his plea agreement waiver. Movant confirmed that it was his signature on the plea agreement and that he had read over it and fully understood it before signing it. Movant then stated that no promises,

forces, or threats had been made to force him to plea guilty, that he had considered the consequences of his guilty plea, and that he entered into the plea freely and voluntarily. Formal declarations in open court carry with them a strong presumption of truth. *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629, 52 L. Ed.2d 136 (1977). Although a defendant's attestation of voluntariness at the time of the plea is not an absolute bar to later contrary contentions, it places a heavy burden upon him. *United States v. Diaz*, 733 F.2d 371, 373-74 (5th Cir. 1979). After stating that he was not taking any medication or was under the care of a doctor at the time, Movant stated that he understood he was pleading guilty to a felony, which means he is giving up his right to vote, right to possess a firearm, right to hold public office, and the right to serve on a jury. Movant confirmed that it was his signature that appeared on the Factual Statement. He also confirmed that everything stated in the Factual Statement was true.

The Court found that Movant was competent to plea, had able assistance of counsel, understood his trial rights and the nature of the charges against him, understood the maximum penalties that could be given, and that the sentencing guidelines were discretionary. The Court found that Movant's plea was voluntary, that there was a factual basis for the plea, and that the ends of justice will be served by the acceptance of his plea. Movant then stated that he did not have any hesitation or reservation about his plea of guilty.

In the instant § 2255 motion, Movant asserts in several instances that he is entitled to relief because his guilty plea and waiver were not intelligently or voluntarily made because of his counsel's ineffectiveness. When a defendant testifies that no one attempted to force him to plead guilty at the plea colloquy, it carries a strong presumption of verity, and the Court does not have a duty to undertake a more searching inquiry into whether the plea was voluntary when the Court

5

has received no objective information that would have reasonably put it on notice that further inquiry would be required. *United States v. Abreo*, 30 F.3d 29, 31 (5th Cir. 1994). Where the record establishes that the defendant understood the nature of the charge against him and the direct consequences of his act, the rudimentary demands of a fair proceeding are satisfied. *United States v. Hernandez*, 234 F.3d 252, 255 (5th Cir. 2000). Based on a careful review of the record, this Court finds that Movant knowingly and voluntarily pleaded guilty. He understood the nature of the charges against him and the consequences of his plea. He understood the rights he was waiving with his plea and the maximum sentence he was facing. Any issue based on an unknowing or involuntary plea should be denied.

In Movant's Reply, he claims that he is entitled to relief based on actual innocence. Even if this Court were to interpret Movant's original claims based on actual innocence, in *Herrera v. Collins*, 506 U.S. 390 (1993), the Supreme Court held that a claim of actual innocence does not state an independent, substantive constitutional claim and was not a basis for federal habeas corpus relief. However, it left open whether a truly persuasive actual innocence claim may establish a constitutional violation sufficient to state a claim for habeas relief. *Id.* at 417. The Fifth Circuit has rejected this possibility and held that claims of actual innocence are not cognizable on federal habeas review. *Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000), *cert. denied*, 532 U.S. 915 (2001); *Graham v. Johnson*, 168 F.3d 762, 788 (5th Cir. 1999); *Lucas v. Johnson*, 132 F.3d 1069, 1075 (5th Cir. 1998). A claim of actual innocence may not be a basis for federal habeas corpus relief absent an independent federal constitutional violation. *Dowthitt*, 230 F.3d at 741. This Court is required to adhere to Fifth Circuit precedent, thus actual innocence claims are not cognizable federal habeas claims.

Movant's remaining issues – that his counsel was ineffective for failing to review discovery, for failing to obtain material or exculpatory evidence, and for being unfamiliar with the sentencing guidelines prior to advising Movant to plead guilty – do not state an issue reserved for appeal in Movant's waiver. His allegations do not allege that his punishment imposed was in excess of the statutory maximum, that there was an upward departure from the U.S.S.G. by the Court in sentencing, or that there were mathematical errors by the Court in the calculation of the guideline level. Movant's remaining grounds for relief should be denied because of the plea agreement waiver. To the extent that he asserted that his plea was involuntarily and unknowingly made, based on ineffective assistance of counsel, this Court has found that his plea was voluntarily and knowingly made.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Movant has not yet filed a notice of appeal, it is respectfully recommended that this Court, nonetheless, address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully

explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04, 146 L. Ed.2d 542 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, it is respectfully recommended that reasonable jurists could not debate the denial of Movant's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37, 123 S. Ct. 1029, 1039, 154 L. Ed.2d 931 (2003) (citing *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604). Accordingly, it is respectfully recommended that the Court find that Movant is not entitled to a certificate of appealability as to his claims.

## Recommendation

It is accordingly recommended that Movant's motion for relief under 28 U.S.C. § 2255 be denied and the case dismissed with prejudice. It is further recommended that a certificate of appealability be denied.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

8

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United States Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this 30th day of July, 2012.**

DON D. BUSH
UNITED STATES MAGISTRATE JUDGE