IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| COREY MINOR, #14282-078 | § | |
| VS. | § | CIVIL ACTION NO. 4:09cv317 |
| | | CRIMINAL NO. 4:07cr48 |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM OPINION AND ORDER

Movant filed a Motion To Reconsider the final judgment in this case. If a motion for relief from judgment is filed within twenty-eight (28) days of final judgment, Movant's motion should be filed as a motion under Rule 59 rather than Rule 60. Fed. R. Civ. P. 59(e); *Ford v. Elsbury*, 32 F.3d 931, 937 (5th Cir. 1994) (citing *Lavespere v. Niagara Mach. & Tool Works, Inc.* 910 F.2d 167, 173 (5th Cir. 1990)). If the motion is served after that time, it falls under Rule 60(b). Fed. R. Civ. P. 60(b). Movant's motion is properly filed under Rule 60.

In his Rule 60 motion, Movant simply reasserts the claims that he brought in his § 2255 motion, and complains that his objections were timely filed. A review of the record shows that the Report and Recommendation was filed on July 30, 2012, and Movant acknowledged receipt on August 6, 2012. Thus, his objections were due August 20, 2012. On August 27, 2012, the Magistrate Judge's report was forwarded for consideration. The same day, Movant's objections (docket entry #18) were docketed with a date stamp of August 22, 2012 - two days beyond the deadline. He fails to state in his objections an earlier date on which he placed his mail in the prison mail system. Accordingly, his objections were untimely filed. However, in the interest of justice, this court has made a *de novo* review of his objections, and found them to be without merit.

Movant's § 2255 motion was denied based on the waiver to which Movant agreed in his plea agreement. A movant must show that he did not understand the nature of a constitutional protection

1

he was waiving or that he had "such an incomplete understanding of the charges against him that this plea cannot stand as an admission of guilt." *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). Thus, if a movant understands the nature of the charges against him and the consequences of his plea, yet voluntarily chooses to plead guilty, the plea must be upheld on federal review. *Diaz v. Martin*, 718 F.2d 1372, 1376-77 (5th Cir. 1983). The record reveals that Movant's plea agreement was knowing and voluntary – he understood the nature of the charges against him and the consequences of his plea, yet pleaded guilty. *Id.* The record also rebuts Movant's claim that he unknowingly pleaded guilty based on his trial counsel's ineffectiveness. He has not shown prejudice as required by *Strickland v. Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068, 80 L. Ed.2d 864 (1984). He also has not shown that he is entitled to relief based on the recent United States Supreme Court decisions, *Lafler v. Cooper*, 566 U.S. —, 132 S. Ct. 1376, 182 L. Ed.2d 398 (2012), and *Missouri v. Frye*, 566 U.S. —, 132 S. Ct. 1399, 182 L. Ed.2d 379 (2012). He has failed to show that counsel advised him to decline a plea bargain offer, followed by a trial and conviction, resulting in a more severe sentence than the one offered during plea bargaining. *Lafler*, 566 U.S. —, 132 S. Ct. 1376. Nor has Movant shown that counsel failed to communicate a plea offer more favorable than one later accepted. *Frye*, 566 U.S. —, 132 S. Ct. 1399. Because Movant knowingly and voluntarily pleaded guilty, his waiver must be upheld. The remaining issues that Movant raised in his § 2255 motion were not reserved for review according to the plea agreement waiver. Accordingly, it is

**ORDERED** that Movant's Motion for Reconsideration (docket entry #23) is **DENIED**. All motions not previously ruled upon are **DENIED**.

**SIGNED this the 6th day of September, 2013.**

*Richard A. Schell*
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE