IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| COREY MINOR, #14282-078 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:09cv317 |
| | § | CRIMINAL ACTION NO. 4:07cr48(1) |
| UNITED STATES OF AMERICA | § | |

**MEMORANDUM OPINION AND ORDER**

Movant Corey Minor filed the above-styled and numbered motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. This court denied his § 2255 motion and dismissed his case. Following Final Judgment and the Fifth Circuit's decision affirming, Movant filed a motion for reconsideration, which this court also denied. On appeal, the Fifth Circuit vacated the order denying Movant's motion for reconsideration. Concluding that Movant's claims were not barred by the appeal waiver, it remanded the case for further proceedings.

**MOTION FOR RECONSIDERATION**

The Fifth Circuit has observed that "[a]ny motion that draws into question the correctness of a judgment is functionally a motion under Civil Rule 59(e), whatever its label." *Harcon Barge Co. v. D&G Boat Rentals, Inc.*, 784 F.2d 665, 669-70 (5th Cir. 1986) (en banc) (citing 9 Moore's Federal Practice ¶ 204.12[1] at 4-67 (1985)). "Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. . . . Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (internal citations and quotations omitted). The Fifth Circuit recognizes that Rule 59(e) "favor[s] the denial of motions to

alter or amend a judgment." *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993). The rule does not exist to be a vehicle for re-litigating old issues, presenting the case under new theories, obtaining a rehearing on the merits, or taking a "second bite at the apple." *Sequa Corp v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998). However, it allows a party to "question the correctness of a judgment." *Templet*, 367 F.3d at 478.

The rule for reconsideration of a final judgment allows a court to alter or amend a judgment because of (1) an intervening change in controlling law, (2) the availability of new evidence not available previously, (3) the need to correct a clear error of law or fact, or (4) to prevent a manifest injustice. *Schiller v. Physicians Resource Group, Inc.,* 342 F.3d 563, 567 (5th Cir. 2003). Because Movant filed his motion for reconsideration thirty-seven (37) days after Final Judgment, his motion is construed as a Rule 60(b) motion.

**FACTS OF THE CASE**

Movant owned and operated a securities brokerage firm named "Christ Minor Investments," through which Movant sold securities to the public. From 2003 through November 2006, Movant devised and implemented a scheme to defraud his customers. He obtained money from customers by falsely representing that their money would be used to buy securities. Instead, Movant used the money for his personal benefit and would send false account statements to customers. Movant had at least sixty-four (64) victims. Movant's fraudulent scheme caused an actual loss of $3,421,958.21 to his victims.

After being named in a one-count information, Movant pleaded guilty pursuant to a written plea agreement for mail fraud, in violation of 18 U.S.C. §1341. Movant signed a plea agreement stating, "This plea of guilty is freely and voluntarily made and is not the result of force, threats, or

promises other than those set forth in this plea agreement." Immediately above his signature on the agreement, he stated, "I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorneys. I fully understand it and voluntarily agree to it." Movant also stated that (1) he understood the nature and elements of the crimes to which guilt is admitted and that the Factual Statement signed is true, (2) he had "thoroughly reviewed all legal and factual aspects of this case with his/her lawyers and is fully satisfied with that lawyers' legal representation", (3) he received satisfactory explanations from his lawyer concerning each paragraph of the plea agreement, each of his rights affected thereby, and the alternatives to entering a guilty plea, and (4) after discussing it with his counsel, he "concedes guilt and has concluded that it is in [his] best interest to enter this agreement rather than proceeding to trial."

In Movant's Factual Statement, he admitted that he devised a scheme to defraud customers of investments and to obtain their money by false and fraudulent pretenses and representations. Movant then outlined the specific manner in which he schemed and defrauded at least 64 customers.

Furthermore, a "Findings of Fact and Recommendation on Guilty Plea before the United States Magistrate Judge" was filed in this case. In it, the court found that Movant "is fully competent and capable of entering an informed plea, that [Movant] is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense."

Movant appeared before the United States Magistrate Judge on March 22, 2007, where the court advised Movant of his rights to remain silent, to have legal counsel appointed, and to plead not guilty and have a trial by jury. Movant had retained legal counsel and indicated that he was satisfied with his legal representation. Movant stated that he understood the elements of the offense of mail

fraud outlined by the court, the minimum and maximum penalties, and the items he was forfeiting.

The sentencing guidelines were explained to Movant. Movant stated that he understood (1) the guidelines are merely discretionary and are not binding on the court, and (2) he was giving up his right of appeal and right to file any post-conviction proceedings, except for those issues listed as reservations in his plea agreement waiver. Movant confirmed that it was his signature on the plea agreement and that he had read over it and fully understood it before signing it. Movant then stated that no promises, forces, or threats had been made to force him to plead guilty, that he had considered the consequences of his guilty plea, and that he entered into the plea freely and voluntarily. Formal declarations in open court carry with them a strong presumption of truth. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Although a defendant's attestation of voluntariness at the time of the plea is not an absolute bar to later contrary contentions, it places a heavy burden upon him. *United States v. Diaz*, 733 F.2d 371, 373-74 (5th Cir. 1979). After stating that he was not taking any medication or under the care of a doctor at the time, Movant stated that he understood he was pleading guilty to a felony, which means he is giving up his right to vote, right to possess a firearm, right to hold public office, and the right to serve on a jury. Movant confirmed that it was his signature that appeared on the Factual Statement. He also confirmed that everything stated in the Factual Statement was true.

The court concluded that Movant was competent to plea, had able assistance of counsel, understood his trial rights and the nature of the charges against him, understood the maximum penalties that could be given, and that the sentencing guidelines were discretionary. The court found that Movant's plea was voluntary, there was a factual basis for the plea, and the ends of justice will be served by the acceptance of his plea. Movant stated that he did not have any hesitation or

reservation about his plea of guilty.

Movant's sentencing hearing was conducted on October 4, 2007. Evidence was presented concerning the amount of restitution owed and Movant's obstruction of justice through the mailing of letters to victims following his guilty plea. Additionally, several victims testified. At the conclusion of the hearing, this court sentenced Movant to 240 months of imprisonment and ordered him to pay $2,874,469.63 in restitution.

## GUILTY PLEA

In Movant's two-page motion for reconsideration, his sole complaint is that "[c]ounsel was ineffective for guiding Minor to plead guilty to a charge that he is legally innocent of and whose actions are not cognizable under any Federal statute." Any challenge to a conviction that was obtained by a guilty plea is limited to issues of voluntariness, the defendant's understanding of the charges against him, and his understanding of the consequences of the plea. *Hill v. Lockhart,* 474 U.S. 52, 58-59 (1985); *Diaz v. Martin*, 718 F.2d 1372, 1376-77 (5th Cir. 1983) ("a guilty plea is more than a confession of having acted culpably, it is itself a conviction; nothing remains but to give judgment and determine punishment.") (citing *Boykin v. Alabama*, 395 U.S. 238, 242 (1969)). If a movant challenges his guilty plea, there must be independent indicia of the likely merit of his contentions, and mere contradictions of his statements at the guilty plea will not carry his burden. *Davis v. Butler*, 825 F.2d 892, 894 (5th Cir. 1987). The validity of a guilty plea is a question of law and will be upheld on habeas review if entered into knowingly, voluntarily, and intelligently. *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000).

While Movant's motion for reconsideration is vague and conclusory, a look at his § 2255 motion sheds some light on his assertion. In his § 2255 motion, Movant claims counsel was

5

ineffective because she (1) failed to independently review discovery before advising Movant to plead guilty, (2) failed to independently review the evidence, (3) failed to request exculpatory evidence prior to advising Movant to plead guilty, and (4) was unfamiliar with the Sentencing Guidelines and the mail fraud statute. Movant also asserts that his guilty plea was not knowing and voluntary because the Government did not give him access to the evidence confiscated from him, in violation of *Brady v. Maryland*, 373 U.S. 37 (1963).

In addition to the actual written plea agreement, the court examined Movant's Factual Statement, Findings of Fact and Recommendation on Guilty Plea before the United States Magistrate Judge, and the transcript from the plea hearing. The court concluded that Movant knowingly and voluntarily pleaded guilty pursuant to a written plea agreement. A knowing and voluntary guilty plea waives all nonjurisdictional deprivations that occurred prior to the plea. *Tollett v Henderson*, 411 U.S. 258, 267(1973). Once a guilty plea has been entered, all nonjurisdictional defects in the proceedings are waived. *United States v. Bell*, 966 F.2d 914, 915 (5th Cir. 1992). This waiver includes all claims of ineffective assistance of counsel except insofar as the alleged ineffectiveness relates to the giving of the guilty plea. *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983), *cert. denied*, 466 U.S. 906 (1984). Thus, Movant's knowing and voluntary guilty plea waives all the claims brought in his § 2255 motion as they allegedly occurred prior to the plea. *Tollett*, 411 U.S. at 267.

**INEFFECTIVE ASSISTANCE OF COUNSEL**

Even if Movant's knowing and voluntary plea did not waive his claims occurring prior to his plea, there must be independent indicia of the likely merit of his contentions when the guilty plea is challenged. *Davis*, 825 F.2d at 894. Here, Movant claims that his plea was involuntary because his

trial counsel was ineffective. Each of Movant's ineffective assistance of counsel claims concerns counsel's alleged failure to investigate. Movant asserts counsel's failure to investigate resulted in trial counsel erroneously advising Movant to plead guilty.

It is well-settled that trial counsel must engage in a reasonable amount of pretrial investigation, and "at a minimum, . . . interview potential witnesses and . . . make an independent investigation of the facts and circumstances of the case." *Nealy v. Cabana*, 764 F.2d 1173, 1177 (5th Cir. 1985). A defendant who alleges a failure to investigate must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial. *Gray v. Lucas*, 677 F.2d 1086, 1093 (5th Cir. 1982); *Gregory v. Taylor*, 601 F.3d 347, 354 (5th Cir. 2010).

A movant who seeks to overturn his conviction on the grounds of ineffective assistance of counsel must prove his entitlement to relief by a preponderance of the evidence. *James v. Cain*, 56 F.3d 662, 667 (5th Cir. 1995). To succeed on a claim of ineffective assistance of counsel, a movant must show that "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Id.*, 466 U.S. at 690. The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981). *See also Rubio v. Estelle*, 689 F.2d 533, 535 (5th Cir. 1982); *Murray v. Maggio*, 736 F.2d 279 (5th Cir. 1984). Secondly, the movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the

outcome." *Strickland*, 466 U.S. at 694. Movant must "affirmatively prove," not just allege, prejudice. *Id*. at 693. If he fails to prove the prejudice component, the court need not address the question of counsel's performance. *Id*. at 697.

To establish ineffective assistance of counsel relating to the entry of a guilty plea, a defendant must establish that his counsel erred, and but for this error, he would not have pleaded guilty. *Del Toro v. Quarterman*, 498 F.3d 486, 490 (5th Cir. 2007). When defense counsel has discussed the case with the defendant, explained the elements of the charged offense and possible defenses, and is satisfied that the plea is voluntary, the counsel has fulfilled his duty. *Farmer v. Beto*, 446 F.2d 1357 (5th Cir. 1971).

In the instant case, Movant fails to show that he was not adequately informed of the nature of the charges against him or the consequences of pleading guilty prior to his guilty plea. Other than his own assertions and those of his wife, Movant cites to the transcript from his sentencing hearing as support, in which counsel stated she had not requested the Government's financial records. However, counsel noted that, while she did not have independent access to those records, she had reviewed the records with the Government. As it pertained to one particular victim, Sterling Carberry, counsel noted she had only received the actual records the morning of the hearing, but had discussed the relevant dollar amounts prior to that. Also, in light of a review of the rest of the specific records, counsel stated that she was comfortable with the summary prepared by the Government concerning Sterling Carberry's records. Counsel examined the majority of the documents in question with the Government. Contrary to Movant's assertions, she did not say that she failed to ask the Government for records or failed to review the records. Movant has not shown

his counsel erred, *Del Toro*, 498 F.3d at 490; thus, he has not shown ineffective assistance of counsel. *Strickland*, 466 U.S. at 688.

Additionally, in his § 2255 motion, Movant states that he did not know that using a private carrier is not the same as using the United States Postal Service mail in furtherance of the scheme to defraud. He states that had he known this, he would not have pleaded guilty, noting that he almost always used carriers instead of the United States Postal Service. Movant blames counsel for not advising him of the difference. He apparently believes he pleaded guilty to a crime without meeting all the required elements. However, the statute for which Movant was convicted does not necessarily limit fraudulent activities to the use of the United States Postal Service for delivery:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, . . . for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or deposits or causes to be deposited any matter or thing whatever to be sent or delivered **by any private or commercial interstate carrier**, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered **by mail or such carrier** according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be fined under this title or imprisoned not more than 20 years, or both....

18 U.S.C. § 1341 (emphasis added). Consequently, Movant is simply incorrect in his belief that, by pleading guilty, he was admitting that he used the United States Postal Service for deliveries in the furtherance of the crime. Additionally, the court notes that in the Elements of the Offense, filed in the underlying criminal case, it clearly states the elements:

First: That you knowingly created a scheme to defraud,

Second: That you acted with a specific intent to commit fraud,

9

> Third: That you mailed something or caused another person to mail something or placed something or caused something to be placed with a private or commercial interstate carrier for the purpose of carrying out the scheme.

*See* Cause No. 4:07cr48 (Dkt. #8). Furthermore, even if Movant's belief was correct, the record shows that he used the United States Postal Service to send fraudulent documents to at least one of his victims – Max MacGregor, on January 31, 2006. Movant fails to show ineffective assistance of counsel. *Strickland*, 466 U.S. at 688.

Movant claims that counsel failed to investigate, but fails to show what further preparation trial counsel should have done and how it would have made a difference in his case. *Gray*, 677 F.2d at 1093. He fails to show what counsel would have found had she investigated further or how it would have altered the outcome of his case. *Id*.

Movant broadly states that he is legally innocent of the charge and counsel was ineffective for encouraging Movant to plead guilty. Yet he fails to show that he is legally innocent. Movant's claim that counsel's investigation was insufficient cannot be upheld where the allegation is too speculative to overcome the strong presumption of competency and the high burden of actual prejudice required to show ineffectiveness. *Carter v. Johnson*, 131 F.3d 452, 464 (5th Cir. 1997). Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *United States v. Woods*, 870 F.2d 285, 288 (5th Cir. 1989); *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982). Movant fails to show deficient performance or that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694.

A close review of the record shows that, contrary to Movant's assertion of an involuntary plea of guilty, Movant was aware of the charges against him and the consequences of pleading guilty.

The court admonished Movant as to the charges against him and his constitutional rights, and Movant stated he understood. Formal declarations in open court carry with them a strong presumption of truth. *Blackledge*, 431 U.S. at 74. Movant's declarations in open court undermine any claims of involuntariness he now raises. *Rogers v. Maggio*, 714 F.2d 35, 38 n. 5 (5th Cir. 1983). Movant fails to meet his burden of rebutting the presumption of regularity accorded his signed court documents. *Bonvillain v. Blackburn*, 780 F.2d 1248, 1250 (5th Cir. 1986). He fails to show trial counsel's performance was deficient. *Strickland*, 466 U.S. at 688.

## *BRADY* VIOLATION

Movant lastly claims that his plea was involuntary because of a *Brady* violation. In *Brady*, the Supreme Court held "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment." *Brady*, 373 U.S. at 87. The prosecution "need not disgorge every piece of evidence in its possession . . . [but] has an affirmative duty to disclose to the defense evidence that is favorable to the accused and material to guilt." *Rector v. Johnson*, 120 F.3d 551, 558 (5th Cir. 1997). In addressing a *Brady* claim, the Fifth Circuit explained that a defendant must prove:

> (1) the prosecution suppressed evidence;
>
> (2) the suppressed evidence was favorable to the defense; and
>
> (3) the suppressed evidence was material to the defense.

*Derden v. McNeel*, 938 F.2d 605, 617 (5th Cir. 1991). The test for materiality is whether there is a "reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Id*. The materiality of the evidence is evaluated in light of the entire record. *See Lagrone v. State*, 942 S.W.2d 602, 615 (Tex. Crim. App. 1997). The Fifth

11

Circuit also requires that a movant show that "discovery of the allegedly favorable evidence was not the result of a lack of due diligence." *Rector*, 120 F.3d at 558. The Government does not have a duty to disclose information that is available from other sources. *Id*. at 559. Additionally, the mere possibility that a piece of information might have helped the defense does not establish materiality in the constitutional sense. *Id*. at 562.

Movant claims that his plea was invalid because the Government refused to give him access to materials that were seized from his place of business prior to his pleading guilty. However, Movant's counsel stated she reviewed all but one set of records with the Government. She stated that, although she had not actually seen that one particular set of records before the hearing, such records had been discussed. She then reviewed that set of records at the hearing. Movant fails to point to any evidence, from the record or otherwise, to show that the Government suppressed evidence. He fails to identify evidence that was material and favorable to his defense that was suppressed. Movant wholly fails to establish the *Brady* requirements. He has presented nothing other than his conclusory allegation, which is insufficient for habeas relief. *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799. Furthermore, the Fifth Circuit reviewed the record on direct appeal and found no nonfrivolous issues for appeal.

## CONCLUSION

The record shows that Movant's plea of guilty was knowing and voluntary. Movant fails to show that he did not understand the nature of a constitutional protection that he was waiving or that he had "such an incomplete understanding of the charges against him that this plea cannot stand as an admission of guilt." *James*, 56 F.3d at 666. As a result, his claims, all of which allegedly occurred prior to the guilty plea, were waived by his plea of guilty.

Even if Movant's claims were not waived, they are without merit, and are otherwise not supported by the record. Movant fails to show counsel's performance was deficient or that he was given deficient or misleading advice; thus, Movant fails to meet the requirements of *Strickland*, 466 U.S. 668. Movant also fails to establish a *Brady* violation. Movant's guilty plea, which was not affected by ineffective assistance of counsel or a *Brady* violation, must be upheld because it was knowing and voluntary. *Montoya*, 226 F.3d at 404.

In sum, Movant fails to show trial counsel was ineffective, that counsel's alleged ineffectiveness affected the validity of his plea agreement, or that he suffered a *Brady* violation. Movant fails to show (1) an intervening change in controlling law, (2) the availability of new evidence not available previously, (3) the need to correct a clear error of law or fact, or (4) a manifest injustice. *Schiller,* 342 F.3d at 567; *Templet*, 367 F.3d at 479. Consequently, he is not entitled to relief. It is accordingly

**ORDERED** that Movant's motion for reconsideration (dkt #23) is **DENIED**. It is also

**ORDERED** that all motions filed by any party not previously ruled upon are **DENIED**.

**SIGNED this the 2nd day of March, 2017.**

*/s/ Richard A. Schell*
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE